No. 12,892.

PEOPLE EX REL. COLORADO BAR ASSOCIATION *v*. WHITE.
(1 P. [2d] 577)

Decided June 29, 1931.

Mr. PHILIP HORNBEIN, for respondent.

*En Banc.*

PER CURIAM.

THERE was filed with the committee on grievances of the Colorado Bar Association three complaints against respondent charging unprofessional conduct. To each of these he entered his denial. The committee, acting under our rules, particularly 84h and 84i thereof (85 Colo. pp. XXXVIII and XXXIX), after a full hearing on the issues thus presented, made its report to this court find-

ing respondent guilty on each charge and recommending his public reprimand. These charges are herein referred to as the Dwyer, the Boardman, and the Strome charges, respectively. Thereupon respondent was heard, as provided by said rules, and elected to abide by said finding and recommendation as to the Dwyer charge only. It is now therefore ordered, by consent of respondent and his counsel, that this cause be docketed in the court as to the Dwyer charge, that the report of the committee be sealed and so remain in the files of the clerk's office until otherwise ordered, that the said Boardman and Strome charges be retired and so sealed, and all further action thereon be suspended, reserving to the court the right, should further complaints of unprofessional conduct be made against respondent in the future, to direct the Attorney General also to proceed on said Boardman and Strome charges.

After the said committee on grievances had heard the aforesaid charges and made its report thereon, there was lodged with it the complaints of George Wolf and I. D. Kline, each of which charged respondent with unprofessional conduct as related to their interests in certain matters involved in the Strome charge. The same disposition is now made of these charges, with the same consent, as herein made of the Boardman and Strome charges.

In the Dwyer charge it appears that two groups of individuals were engaged in a controversy concerning the possession of a certain clubhouse and its furnishings, located at Georgetown, Colorado; that while the occupant thereof was absent this clubhouse was broken into, doors and windows removed, and furnishings removed and dismantled. A portion of the goods so removed was found in the possession of the adversaries of the occupant who were clients of respondent. The committee finds that respondent was instrumental in employing those who perpetrated these wrongful acts, that they were paid by checks drawn on his personal account, and that he was in

conference with one of the instigators just prior to the transaction and withdrew from the scene as the perpetrators approached. The committee further finds that even if respondent, as he claimed, advised his clients against the perpetration of these depredations, he was derelict in his duty in not withdrawing as their counsel when his advice was ignored.

All of which findings are approved and confirmed by this court and the recommendation of the committee. adopted.

Thereupon respondent was called before this court at its public session en banc June 29, 1931, and thus addressed by the Chief Justice:

"Mr. White: You are here for reprimand by the Court for unprofessional conduct, consisting of counseling, or acquiescing in, the resort to force in a controversy which could only properly be settled in a court of competent jurisdiction wherein it was your clear duty to counsel a resort thereto, if any action was to be taken, and withdraw from any representation of your clients in case of their neglect or refusal to follow that advice. Your attention is most earnestly called to the entire opinion in this case and the disposition now made by the Court of other charges pending against you. You are hereby reprimanded for your action and want of action in this particular case and are solemnly warned against a repetition of similar conduct, or other violation of your professional duty, and advised that such will be sufficient cause for your disbarment."